The People of the State of Illinois, Plaintiff-Appellee, v. Francis Sparling, Defendant-Appellant.

Gen. No. 65–90.

Fifth District.

April 26, 1967.

Thomas F. Taylor, of Effingham, for appellant.

Harold G. Leffler, State's Attorney of Jasper County, of Newton, for appellee.

GOLDENHERSH, J.

Defendant was tried by jury in the Circuit Court of Jasper County and convicted of the crimes of Rape (c 38, § 11–1, Ill Rev Stats 1963) and Aggravated Battery (c 38, § 12–4, Ill Rev Stats 1963). The court entered judgment on the verdicts, denied defendant's post-trial motion and sentenced him to not less than 7 nor more than 20 years on the rape charge, and not less than 7 nor more than 10 years on the charge of aggravated battery.

The complaining witness testified that she had known the defendant for approximately one month, and they had gone out together every weekend during that period. By prearrangement, on December 19, 1964, defendant picked her up at her home, they went to defendant's home where she watched television while he changed his clothes, they then went to a tavern where they remained for about 20 minutes, they drove out into the country in a car which defendant had borrowed from a friend, they parked on a country road at about 9:00 p. m., defendant told her to take off her clothes, they were parked about 2 hours, during which time the alleged rape occurred. The testimony concerning any resistance on her part consisted of "I just tried to stop him and he wouldn't." "I told him I was going to tell my mom, and he said 'You had better not.' "

The owner of the borrowed car testified that he, his wife, and another couple drove around looking for his car, and found it parked on the country road. He got into the car and drove it back to his apartment, he left defendant and the complaining witness in the car while he went upstairs, he returned to the car, drove to a filling station where he bought gasoline, and the complaining witness drank a bottle of soda. At no time did the complaining witness complain of defendant's conduct or state that she had been raped or harmed.[1] He drove the

---

[1] In an offer of proof during cross-examination of the complaining witness, out of the presence of the jury, she testified

complaining witness to her home. She and defendant got out of the car and the complaining witness "fell behind the car or slipped or fell or something." Defendant walked to her door with her, returned to the car and the witness drove the defendant to his home.

A witness called by The People testified that he lived on the road where defendant and the complaining witness parked, that because he was concerned about possible theft he drove past the parked car, that during the time it was parked, 6 or 8 other cars passed it. He saw a second car drive up about 11:20 p. m. and both cars left at about 11:45 p. m.

A physician, called by The People, testified that he was called to the complaining witness' home and found her on the floor, in a state of shock. Her clothes were covered with blood which seemed to come from the vaginal tract. Upon examination he found "complete distortion of her female anatomy," and advised immediate hospitalization. The complaining witness was taken to the hospital by ambulance, plasma and oxygen were administered, another doctor was called in consultation, and the two physicians performed surgery to repair what they described as an extensive tear and laceration about the vagina and the labia of the vagina, and a laceration which extended through the symphysis and muscles of the pelvic floor and into the peritoneum cavity. One of the physicians testified that she had probably lost one and one-half pints of blood prior to the surgery.

Defendant contends that the evidence is insufficient to prove the charge of rape beyond a reasonable doubt. ■ In People v. Faulisi, 25 Ill2d 457, 185 NE2d 211, the Supreme Court, at page 461, said: "Reviewing courts

that on three prior occasions she and the defendant had engaged in sexual intercourse. The court denied the offer of proof. We do not pass on the correctness of this ruling for the reason that the judgment is reversed without remandment, and the determination of this question is not essential to our decision.

are especially charged with the duty of carefully examining the evidence in rape cases, (People v. Qualls, 21 Ill2d 252, 171 NE2d 612; People v. Kazmierczyk, 357 Ill 592, 192 NE 657) and it is the duty of the reviewing court not only to consider the evidence carefully but to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and to create an abiding conviction that he is guilty of the crime charged. People v. Qualls, 21 Ill2d 252, 171 NE 2d 612; People v. Abbate, 349 Ill 147, 181 NE 615.

When the charge is forcible rape, the fact that the act of intercourse was performed forcibly and against the will of the complaining witness is a necessary element of the crime which must be proved beyond a reasonable doubt. The degree of force exerted by the defendant and the amount of resistance on the part of the complaining witness are matters that depend upon the facts of the particular case. Thus we have held that resistance is not necessary under circumstances where resistance would be futile and would endanger the life of the female as where the assailant is armed with a deadly weapon, and that proof of physical force is unnecessary if the prosecuting witness was paralyzed by fear or overcome by superior strength of her attacker. (People v. Ardelean, 368 Ill 274, 13 NE2d 976.) It is, however, fundamental that in order to prove the charge of forcible rape there must be evidence to show that the act was committed by force and against the will of the female, and if she has use of her faculties and physical powers, the evidence must show such resistance as will demonstrate that the act was against her will."

A review of this record, in the light of the rules enunciated in Faulisi, leads us to conclude that there is insufficient proof that the intercourse was against the will of the prosecuting witness. Her testimony shows lit-

tle resistance, and there is no evidence of the use of force, threats, a weapon, or that the complaining witness was in fear of the defendant, or overcome by superior strength. Under these circumstances the judgment of guilty on the charge of rape must be reversed.

 The charge of aggravated battery presents a perplexing problem. Clearly the complaining witness suffered great bodily harm, requiring surgical repair and a 3-week period of hospitalization. The record, however, is barren of evidence as to the cause of the injury which she suffered. She testified to no acts of physical violence committed by the defendant, and the physicians expressed no opinion as to the cause of the condition which they found. It seems unlikely that the fall which occurred when the complaining witness left the car could cause the injuries described, and their cause, in the state of this record, is left to speculation and conjecture. Absent proof of the commission of some criminal act which caused the injuries, the judgment must be reversed. The People v. Benson, 19 Ill2d 50, 166 NE2d 80; The People v. Martin, 26 Ill2d 547, 188 NE2d 4.

For the reasons herein set forth, the judgments of the Circuit Court of Jasper County are reversed.

Judgments reversed.

EBERSPACHER and MORAN, JJ., concur.