THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REX RAY NEWTON, Defendant-Appellant.

(No. 72-33;

Second District—September 12, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

William R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury having found defendant guilty of aggravated battery (in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 12—4(a)), defendant appeals contending: (1) the evidence was insufficient to establish great bodily harm or permanent disfigurement, an essential element of aggravated battery; and (2) that he was denied effective assistance of counsel.

In the early evening of August 17, 1970, defendant, and the five others subsequently indicted for the same offense, congregated in one of their apartments. During this visit, William Bridges, one of the group, informed the others that he had heard that one Paul Mowry, a member of the Mindbenders Motorcycle Club, was looking for them, had a shot gun, and intended to shoot them. The group decided to find Mowry to talk with him and attempt to obtain the shot gun.

At about 6:30 P.M., all six men, in defendant's car, rode to the home of one Richard Gasaway, a former member of the Mindbenders, in order to ask him where Mowry lived. Gasaway cooperated with the group's request by drawing a map. The group then left Gasaway's and went to Mowry's home. When they found no one there, they proceeded to drive a short distance to a garage rented by Mowry's club.

When they arrived at the garage, Bridges, who was driving, jumped out of the car and, as he approached the garage, took a motorcycle chain out of his pocket. Upon entering the garage and finding Mowry repairing a motorcycle, Bridges began striking him about the head with the chain. During this beating, the other five men entered the garage. It is undisputed that while they also were armed with chains, they did not strike the victim. When Bridges stopped striking Mowry, one of the members of the group took the shot gun that was hanging on the wall and a flag, while another took a jacket with the Mindbenders Club's name and emblem on the back.

After the beating, Mowry went to the hospital for treatment of his injuries, but, as it was busy, he went to his doctor's office where six stitches were necessary to close the wound in his head. While on the witness stand, Mowry indicated that the wound left a small scar which, however, was covered by hair.

■■ Defendant contends that the evidence was insufficient to support a finding of aggravated battery arguing that the victim, Paul Mowry, did not suffer or incur that degree of injury to constitute great bodily harm or permanent disfigurement which is a necessary element of the offense. The general rule is that it is a question for the trier of fact whether the injury inflicted during a battery is of the nature to constitute great bodily harm or permanent disfigurement under the statute for aggravated battery. (*People v. Barbour* (1972), 5 Ill.App.3d 323, 325-326; *People v. Allen* (1969), 117 Ill.App.2d 20, 28; *People v. Harper* (1968), 91 Ill.App.2d 179, 185; *People v. Cavanaugh* (1957), 18 Ill.App.2d 279, 288-289, *aff'd* (1958), 13 Ill.2d 491.) In the instant case the jury was properly instructed that defendant could not be found guilty unless the element of great bodily harm or permanent disfigurement was proven beyond a reasonable doubt. Under these circumstances, we cannot, as a matter of law, say that the jury could not have found such harm or disfigurement in this case where the victim incurred a wound which necessitated six stitches and left a scar, even though a small one hidden by hair.

■■ Furthermore, it is of note that during the conference on instructions, the defense attorney argued that an instruction for simple battery should not be given because it was clear that the offense committed was aggravated battery in that Mowry had a scar which constituted permanent disfigurement under the statute. As a result of defense counsel's arguments, an issue instruction on simple battery was not given, and a verdict form for the lesser offense was not submitted to the jury. Having advanced one argument in the trial court, it would be unjust to allow defendant to argue the opposite in this court.

Defendant next contends that he was denied effective assistance of counsel by two actions of his attorney: (1) withdrawal from the case immediately following a verdict of guilty and prior to any post-trial proceedings; (2) his counsel's failure to inform the succeeding counsel of any information relevant to the case.

The trial concluded and judgment was entered on the verdict of guilty on January 13, 1971. On that day, defendant's attorney indicated his intention to make a motion for bond reduction on the following day. The next day defendant was in court, but his attorney was not present. The court indicated that counsel had advised that he could not attend. Upon suggestion by the State's Attorney that there would probably be post-trial motions, the case was continued until January 22. On that date, defendant and counsel present, defendant's attorney indicated that he was withdrawing from the case, and informed the court that there were no motions by him at that time although defendant was not thereby waiving any rights to subsequent motions or appeal. It is obvious from the record that defendant was aware that his attorney intended to withdraw as shown by defendant's request for appointment of different counsel. On January 29, defendant appeared in court and was informed that an assistant public defender would be appointed to represent him. On February 12, the public defender made his first appearance on behalf of defendant, and thereafter represented him throughout the hearing in aggravation and mitigation and sentencing.

■■ Defendant's assertion that he was denied effective assistance of counsel must be rejected in the absence of any showing of prejudice incurred by the withdrawal from the case of his retained attorney. It is obvious that defendant was represented by counsel at all critical stages of the proceedings against him. While defendant alleges that his attorney failed to inform succeeding counsel, the public defender, of information relevant to the case, there is absolutely no indication in the record that this is true. Nor can defendant substantiate that withdrawal of his attorney prior to any post-trial proceedings was prejudicial. Although defendant points to the absence of post-trial motions as a failure of representation, there is no rule that such motions be filed as a matter of course in all cases, and defendant made no showing that the public defender could not have made such motions after his appointment. We therefore hold that defendant was not denied effective assistance of counsel.

For the reasons herein given, the judgment of conviction will be affirmed.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.