THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE VIRGIL, Defendant-Appellant.

(No. 59319;

First District (1st Division)—May 6, 1974.

Block, Levy & Becker, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Willie Virgil (defendant) was indicted on two counts of aggravated battery. Count I charged commission of an aggravated battery by virtue of great bodily harm (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(a)). Count II charged aggravated battery in that a deadly weapon was used by defendant (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(1)). After trial by jury, a verdict of not guilty was returned on Count II concerning use of the deadly weapon. A verdict of guilty was returned on Count I alleging great bodily harm. Defendant was sentenced to 5 to 10 years and he appeals.

Defendant contends prejudicial error resulted from refusal of the trial court to submit verdicts on the lesser included crime of battery; the trial court considered improper matters when imposing sentence and the sentence is excessive. The State responds that defendant had no right to an instruction on the lesser included offense since the evidence did not support it; no improper matters were considered by the trial court in passing sentence and the sentence is not excessive.

Although defendant raises no point on the sufficiency of the evidence to prove guilt beyond reasonable doubt, a factual statement is essential. On December 26, 1971, during the very early morning hours, the complaining witness, a young woman then some 18 years old, was returning to her home. A person identified as the defendant followed her, seized her around the neck and put "something sharp like a knife or a fingernail file" against her throat.

Defendant threatened to cut her throat. She struggled but he dragged her into an alley and parts of her clothing were torn off. She was cut on the neck in the area below her jaw. After a considerable struggle, she escaped and ran out of the alley. Her attacker pursued her and she turned left toward her home. She then noticed a police car which came to her assistance. At a hospital, four stitches were required to close the wound. Police immediately apprehended her attacker who ran from the scene and hid behind some garbage cans in a basement type of gangway. The police noticed the blood flowing from the wound on the victim's neck and on her clothes. Defendant had blood on his right hand and on the right sleeve of his coat or jacket but had no wound. He was searched by the police but no weapon was found on his person. Police examined the area near his place of concealment and found no knife or other weapon. The defense consisted of an alibi advanced by the defendant and supported by his wife.

As regards the first contention of defendant, in his original brief and argument he proceeded on the assumption that the instructions given by the trial court were proper but that reversible error occurred when the court refused to submit verdicts on battery to the jury. The brief and argument for the People proceeded on the assumption that the judge refused instructions on the crime of battery. The reply brief of defendant then urged that the court should have instructed the jury on battery and should have submitted the necessary verdicts on this crime. The report of proceedings contains the court reporter's transcript of the given instructions as read to the jury by the trial court. The record does not include copies of the instructions, given and refused, which should have been incorporated in the record including the written endorsements by the trial judge. (See Ill. Rev. Stat. 1973, ch. 110, par. 67, and Supreme Court Rule 451, 50 Ill.2d R. 451.) We cannot tell from this record which instructions, if any, were tendered by defendant and refused. Under these circumstances, we cannot consider the propriety of refused instructions. This situation has been clearly elucidated by the supreme court in *People v. Springs,* 51 Ill.2d 418, 425, 283 N.E.2d 225.

. Similar confusion exists regarding the tender of a verdict. The record shows that after the conference on instructions, the court granted defense counsel permission "to submit tomorrow morning defense instructions No. 22 and No. 23 which are forms for the offense of battery, the lesser included offense of aggravated battery. These will be refused as well." The record as originally filed in this court did not include these forms. Defendant obtained leave from this court to file a supplemental record. The certification of the clerk shows this record to contain true copies "of xeroxed copies of instructions found in file in cause General No. 72-2005."

This document contains copies of various instructions and verdict forms which are not identified and which do not contain any endorsements by the trial judge. In addition, physically appended to this supplemental record, by some person or persons unknown, but not certified by the clerk of the circuit court, there are some additional matters including purported forms of blank verdicts; guilty or not guilty of battery with reference to IPI-Criminal No. 26.02 and 26.05. This uncertified material should not have been tendered to this court and cannot be considered by us. Thus, we cannot ascertain whether the instruction on the issues in battery and the necessary accompanying verdicts were ever tendered by counsel to the court.

However, with the possibility of future litigation in mind, and for purposes of certainty, we will consider defendant's contention. According to the stenographic transcript, the trial court, in instructing the jury, defined "battery"; defined "aggravated battery by infliction of great bodily harm"; gave the issues regarding this crime; defined "aggravated battery by use of a deadly weapon" and gave the issues regarding this crime. (IPI-Criminal Nos. 11.05, 11.07, 11.08, 11.09 and 11.10.) The court submitted four forms of verdict: guilty of aggravated battery by means of inflicting bodily harm; guilty of aggravated battery by deadly weapon and not guilty as to each of these offenses. We will assume for this discussion that defendant had tendered an instruction covering the issues on simple battery and two verdict forms regarding this offense and that all had been refused by the court. Defendant reasons that the distinction between the simple and aggravated forms of battery are differences of degree only which are questions of fact so that, by refusing the proffered instruction on the issues in battery, the trial court precluded the jury from a determination of an important factual issue.

■■ The premise upon which defendant bases this argument has partial validity. Battery is a lesser included offense within the definition of aggravated battery. (*People v. Gnatz,* 8 Ill.App.3d 396, 399, 290 N.E.2d 392.) In addition, the cases are numerous and uniform in holding that it is generally a question for the trier of fact as to whether the commission of any particular crime constitutes a simple battery or great bodily harm under the statute defining aggravated battery. (*People v. Newton,* 7 Ill.App.3d 445, 447, 287 N.E.2d 485, and cases there cited.) However, it does not follow from these two accepted principles that, in every trial for aggravated battery by virtue of causing great bodily harm, it is essential for the court to instruct the jury on the elements and issues of simple battery.

The test of the need for instructing the jury on a lesser-included offense is whether there is evidence in the record tending to support com-

mission of the latter and relatively minor crime. The practice of giving instructions on abstract questions of law which have no relation to the evidence before the jury has always been condemned and the test is whether there is sufficient evidence in the record to warrant such an instruction. (See *People v. Banks*, 26 Ill.2d 259, 262, 186 N.E.2d 338.) In *People v. Montgomery* (1974), 18 Ill.App.3d 828, 310 N.E.2d 760, this court held that "[a] defendant tried for aggravated battery is not entitled to have the court tender a verdict form to the jury on the lesser-included offense of simple battery in the absence of evidence in the record to support that offense. (*People v. Day* (1972), 2 Ill.App.3d 811, 277 N.E.2d 745.)" There, in a case involving an attack upon a person with a baseball bat, defendant was found guilty of aggravated battery on the theory of accountability. There was no evidence in the record regarding commission of a simple battery as such.

Similarly, in *People v. Ardelean*, 368 Ill. 274, 13 N.E.2d 976, in a prosecution for forcible rape, defendant contended that the trial court should have submitted a verdict of simple assault. The supreme court quoted from *People v. Gilday*, 351 Ill. 11, to the effect that where the evidence is contradictory in regard to the degree of the offense actually committed the defendant may be convicted of the lesser offense. The court added that on the contrary, where "There was no evidence offered justifying a verdict of simple assault  *  *  *  the court properly refused to include a form of verdict for that crime with those submitted to the jury." See 368 Ill. at 280, 281.

The identical situation is presented in the case before us. The evidence shows that the complaining witness was attacked with a sharp instrument and a threat was made to cut her throat. Her throat actually was cut to such an extent that she bled profusely. The police noticed bleeding from her neck and her clothing was stained with blood. Defendant's right hand and the sleeve of his jacket or coat were also stained with blood although he was not wounded. Her injury required surgical attention to the extent of four stitches. There is not a single shred of evidence to the contrary. The inevitable result of this evidence beyond reasonable doubt is that the victim suffered great bodily harm. The defendant was also necessarily guilty of simple battery but only as a lesser included offense. But it cannot be successfully contended that the result of all the evidence constitutes in its totality proof of guilt of simple battery as distinguished from aggravated battery.

The above result is supported by legal analogy. The issue of whether a homicide is to be classified as murder or voluntary manslaughter is a question of fact. (*People v. French*, 3 Ill.App.3d 884, 888, 279 N.E.2d

519.) However, the trial court must necessarily reject instructions on manslaughter and refuse to submit such a verdict in a murder case unless there is evidence in the record which, if believed by a jury, would reduce the crime to manslaughter. *People v. Craven,* 54 Ill.2d 419, 425, 299 N.E. 2d 1; *People v. Sanders,* 56 Ill.2d 241, 253, 306 N.E.2d 865.

■■ We conclude that even if this contention of defendant had properly been presented for our consideration, it is legally invalid and must be rejected.

Defendant's next contention that the trial court considered improper matters when imposing sentence is hardly worthy of comment. The verdict in this case was returned on February 2, 1973. Imposition of sentence was necessarily postponed until February 23, 1973. At the hearing, the court inadvertently used the words "both counts" in referring to the guilt of defendant. This was immediately corrected by both attorneys. The court promptly accepted this correction and then proceeded to pass sentence only upon the count involving great bodily harm. Also, in his remarks immediately prior to sentencing, the court stated that defendant had picked up a mere stranger on the street and attacked her "with a knife." We find no impropriety here. The exact words used by the complaining witness, as above quoted, included the word "knife." Whatever the nature of the weapon, it undoubtedly inflicted a painful and severe injury. *People v. Riley,* 376 Ill. 364, 369, 33 N.E.2d 872, the only authority cited in this regard by defendant, involved imposition of the death penalty. The situation has no factual applicability to the case before us. Also, there the supreme court affirmed the judgment appealed from.

Defendant urges finally that the sentence is excessive and should be modified. Immediately prior to imposition of sentence there was a discussion between the court and counsel as to whether defendant would elect to be sentenced under the provisions of the Criminal Code of Illinois, as it existed at the time of his offense and commencement of the prosecution, or under the provisions of the Unified Code of Corrections in effect when sentence was passed. There was a statement made to the court by defense counsel that defendant elected the former.

■■ After a careful reading and study of this record, we are not satisfied that this election by defendant was based upon full knowledge of all of the facts bearing upon this situation. In our opinion, justice would best be served by use of our authority to reduce the minimum sentence. (Supreme Court Rule 615(b)(4), 50 Ill.2d R. 615(b)(4).) We will, therefore, apply the ameliorative principles reflected by the Unified Code of Corrections. The Code provides that in a Class 3 felony, such as here involved, the minimum may not be greater than one-third of the

maximum term set by the court. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c) (4).) Accordingly the judgment will be affirmed but the sentence will be modified by reducing the minimum term to 3 years and 4 months.

Judgment affirmed as modified.

BURKE and HALLETT, JJ., concur.