THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GERALD KRONE *et al.*, Defendants-Appellants.

Third District    Nos. 80-244, 80-245 cons.

Opinion filed July 28, 1981.

Nathan Diamond Falk, of Chicago, and Roger C. Elliot, of Momence, for appellants.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendants Gerald Krone, John Krone, and Ronald Whitten were all indicted for the offenses of armed violence, aggravated battery, and criminal damage to property arising out of an incident at the home of

Tom Varghese, and all were tried before a jury in the circuit court of Kankakee County. Whitten was found not guilty of all charges; Gerald Krone was found guilty of aggravated battery and criminal damage to property; John Krone was found guilty of criminal damage to property. Both Gerald Krone and John Krone were sentenced to 30 months' probation and ordered to pay restitution and court costs. Both have appealed from their convictions.

Gerald Krone's former wife Sharon is married to Tom Varghese. Gerald was awarded custody of the couple's seven children, and Sharon was given visitation rights. In late August 1978, a teenage son of Gerald and Sharon, Michael Krone, was killed in an automobile accident. One week later, on September 1, 1978, Gerald Krone became concerned when another son, who is handicapped, Carl Krone, had not returned from visitation with the mother. Gerald and his brother John Krone, along with Ronald Whitten and three others, drove from Momence, Illinois, to Kankakee, Illinois, to the Varghese home in search of Carl. The details of what happened there are somewhat disputed, but all witnesses agree that Gerald struck Varghese in the face, then knocked or pushed Varghese to the floor, and that Varghese's nose bled profusely.

According to Varghese, defendants called him names, broke down the door to his house, threatened him, pointed a gun at him, and struck him several times.

The State also presented medical evidence that Varghese suffered a gross deformity of the nose (in other words, a fractured nose) which required straightening under anesthetic, that one toe was lacerated, and that he had lost consciousness after being struck. The nose injury was not denied, and pictures depicting puddles and splatters of blood at the scene of the incident were introduced.

Defendants John Krone and Whitten and other defense witnesses testified that defendants had no guns, that they did not break the door, and that Varghese provoked the attack by telling Gerald that he was glad Michael was dead. Gerald Krone testified that he remembers nothing that happened after Varghese said he was glad Michael was dead until he was back on the front porch of his home in Momence.

In rebuttal, the State called a psychiatrist who asserted an opinion that Gerald Krone was sane at the time of the offense, and the State also called Sharon Varghese who testified that she had returned their son Carl to his school in Jacksonville, Illinois, and that she had notified defendant's DCFS caseworker of that fact prior to September 1. Under the divorce decree and custody orders, the caseworker was the sole means of communication between Sharon and Gerald. She also testified that the defendant threatened her on May 27, 1979, by twice swerving his automobile toward hers on a narrow road and yelling, "You want to die

early, bitch?" The latter occurrence was corroborated by a friend of Sharon.

Upon appeal, defendants Gerald Krone and John Krone assert four errors as grounds for reversal: (1) admission of rebuttal evidence of a post-occurrence threat to Sharon; (2) refusal of defendants' instruction for simple battery; (3) overruling defendants' objections to certain testimony by the investigating officer; and (4) denial of Gerald's motion for a new trial. We affirm.

Initially defendants claim that the trial court should not have allowed Sharon Varghese and her friend Sue Breeden to describe on rebuttal an incident six months after the alleged crimes when Gerald Krone allegedly threatened Sharon's life. Defendants concede that evidence of attempted intimidation of a witness in a criminal case is relevant and admissible because such action is properly attributable to a consciousness of guilt (*People v. Jones* (1980), 82 Ill. App. 3d 386, 402 N.E.2d 746), but they contend that the incident described here did not qualify as intimidation of a witness because there was no showing that the threat was made to a witness to the crime or that it was intended to influence the testimony of a witness. They argue that the erroneous admission of this testimony was highly prejudicial since it indicated the commission of a crime of intimidation by Gerald.

The trial court was, we believe, acting within the reasonable bounds of its discretion in allowing the two women to describe Gerald's conduct in May of 1979 when he obviously tried to frighten Sharon by swerving his car at her twice on a narrow river road and by shouting a threat at her. First, we find persuasive the case of *People v. Smith* (1972), 3 Ill. App. 3d 958, 279 N.E.2d 512, where the trial court admitted into evidence testimony of the defendant's wife that "me and him was scuffling" over an ax five months after the date of the incident which gave rise to a charge of aggravated battery by the defendant against his wife. The appellate court found no error and held that, at the very least, the scuffling with the ax was intimidation of the complaining witness, and, at the most, was an attempt to remove her as a witness. In either event, the conduct could be characterized as evidence of "consciousness of guilt from which an inference can be drawn that the defendant is guilty of the offense charged. Consciousness of guilt is very potent evidence of just that * * *." (3 Ill. App. 3d 958, 960, 279 N.E.2d 512, 513.) Just as here, the defendant in *Smith* did not make a direct reference to the earlier crime or to the trial. This goes to the weight to be given the inference of guilt and is clearly a matter for the trier of fact to determine.

In the case at bar, although Sharon was not an eyewitness to defendants' attack upon Varghese, she was the wife of the victim, and it was her alleged failure to return Carl after visitation that was the motive

for the confrontation. Since certain vital facts were within her knowledge, her role in this case was analogous to that of the complaining witness in *Smith*. The trial court here noted that this post-occurrence threat was also relevant to rebut Gerald's claim that he had no memory of the fight since it tended to show that he knew he had something to fear from Sharon. This conclusion may be somewhat tenuous but is not totally without merit. We hold that the trial court properly admitted the testimony.

■■■ Defendants next contend that the trial court erred in refusing to give their instruction on "simple battery" where the extent of bodily harm suffered by the victim was a fact in dispute. According to the Criminal Code of Illinois, a battery is committed when a person "intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1979, ch. 38, par. 12—3.) Aggravated battery is committed when a person "who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 12—4.) A battery is a Class A misdemeanor, while aggravated battery is a Class 3 felony. Obviously, battery is a lesser-included offense to the crime of aggravated battery, but it does not follow that the trial court must instruct the jury as to simple battery in every trial for aggravated battery, particularly in the absence of evidence to support an instruction as to the lesser offense. (*People v. Virgil* (1974), 19 Ill. App. 3d 744, 312 N.E.2d 816.) Where the evidence undisputedly satisfies the elements which distinguish aggravated battery from simple battery, no simple battery instruction is required to be given. (*People v. Montgomery* (1974), 18 Ill. App. 3d 828, 310 N.E.2d 760. Accord, *People v. Johnson* (1977), 47 Ill. App. 3d 362, 362 N.E.2d 701.) In other words, when the proof of great bodily harm and of disfigurement is undisputed, as is the case here, then the evidence can be taken to indicate aggravated battery or nothing. (*Cf. People v. Simpson* (1978), 74 Ill. 2d 497, 384 N.E.2d 373.) This rule is particularly applicable here where defendant Gerald Krone did not deny striking Varghese but instead relied upon an insanity defense. (Since John Krone was acquitted of the aggravated battery charge, he, of course, has no standing to complain of the instructions given and refused in relation to that crime.)

Although Gerald contends that the seriousness of the injury was disputed, we do not find that the evidence permits a conclusion that Varghese's injury was not "great" bodily harm. Although defense witnesses described only a nosebleed, no one denied that his nose was fractured, that it required straightening at a hospital with the use of a general anesthetic, that his face was grossly disfigured, or that there was profuse bleeding at the scene of the attack. Even the defense witnesses

described more than one blow to the victim's face and indicated that Varghese was thrown to the floor.

■■ This case closely resembles *People v. Virgil*, cited earlier, where the victim's throat was cut. There was evidence that the police saw the victim's neck bleeding and saw blood on the defendant's right hand and arm although he was not wounded, and that the victim's injury required four stitches. The court said:

"There is not a single shred of evidence to the contrary. The inevitable result of this evidence beyond reasonable doubt is that the victim suffered great bodily harm. The defendant was also necessarily guilty of simple battery but only as a lesser included offense. But it cannot be successfully contended that the result of all the evidence constitutes in its totality proof of guilt of simple battery as distinguished from aggravated battery." (19 Ill. App. 3d 744, 748.)

The same conclusion is inescapable here. We find that the trial court did not err in refusing to instruct the jury as to simple battery.

■■ Defendants' next assignment of error is the ruling of the trial court which permitted the investigating police officer to testify that he received a police radio call of "battery in progress" at the Varghese address. This testimony was admitted for the purpose of explaining why the officer happened to go to the scene of the alleged crime. Defendants claim that the jury received the impression of a lengthy fight which was contrary to the defense version of just two quick punches. Controlling here is the rule that the details of a police radio broadcast are admissible to establish that the officer went to the area of the crime because of the broadcast, but not to prove the truth of the statements contained in the broadcast. (*People v. Williams* (1978), 62 Ill. App. 3d 966, 379 N.E.2d 1268.) Since the court appropriately limited the purpose of the testimony in this case, it was not error to admit it in evidence.

■■ Defendants also claim it was error to permit the officer to state that he saw red spots of blood in the Varghese house without evidence that the officer was an expert qualified to give an opinion as to the identity of the substance. This contention is without merit. Blood stains are recognizable . as a matter of common knowledge, and it is not necessary to qualify a police officer as an expert for the purpose of identifying fresh blood. The court did not err.

■■ Defendants' final contention is that the trial judge made a statement at the sentencing hearing which indicated that he believed the State had failed to overcome defendant Gerald Krone's defense of insanity, and therefore, it was error for the judge to have denied defendants' motion for a new trial. At the time of sentencing, the judge commented that he was "inclined to think" that defendant "lost his head and was temporarily out

of his mind * * *." This observation was made as a part of a commentary on the question whether the sentence was going to be sufficient to prevent defendant from committing some other "ignorant act of passion." When the court's comments are read in their entirety, it seems obvious that the judge was merely expressing a personal opinion as to how Gerald Krone came to commit this crime and that he was not attempting to make a finding of fact contrary to the finding of the jury. Our review of the record indicates that the finding of the jury that defendant was not insane was supported by ample evidence. We find no reversible error.

Accordingly, we affirm the conviction and sentence of John Krone and both convictions and the sentence of Gerald Krone.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.