THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HERMAN MORGAN, Defendant-Appellant.

First District (1st Division) No. 77-674

Opinion filed July 10, 1978.

James J. Doherty, Public Defender, of Chicago (Anthony F. Rusnak and
Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant was charged by indictment with the offenses of aggravated battery and attempt murder. After a bench trial, the trial court found the defendant guilty of both offenses, but entered judgment only on the finding of guilty of attempt murder. The trial court sentenced the defendant to 5 to 15 years in the penitentiary. Defendant now appeals from that judgment and makes the following two contentions: (1) that the trial court's decision to extend the time for commencing defendant's trial in order for the prosecution to secure a witness' appearance in court denied the defendant his right to a speedy trial; and (2) that the defendant was not proved guilty beyond a reasonable doubt of the offense of attempt murder.

We reduce the judgment entered on the finding of guilty of attempt murder to aggravated battery and remand the cause for sentencing.

The only occurrence witness to testify at trial was Donna Young. Her testimony indicated that in May of 1974 she was living with her two children and her boy friend, Herman Morgan, the defendant in the instant case. The defendant is the father of one of these children, Herman Young, five months old at the time of the incident.

Miss Young's testimony indicated that on May 26, 1974, she and her two children went to visit Lily Cox at 63rd Street and Justine Avenue in Chicago. At approximately 10 p.m. that evening, the defendant arrived and spoke to Miss Young for approximately half an hour. Miss Young detected the odor of alcohol on defendant's breath and felt that the defendant was under the influence of alcohol or drugs. The defendant then entered the house, grabbed their child, Herman Young, and after arguing with Donna Young on the porch, walked down the street carrying the child. In response to Miss Young's request to return the baby, the defendant replied that he would throw the baby under the "L" tracks. Miss Young then saw the defendant hit the baby's head on a car parked under the "L" tracks. The area where defendant was standing was illuminated by an overhead light. At the time of the incident, Miss Young was standing several houses from the "L" tracks. Although she stated that she saw Herman Morgan hit Herman Young's head against a parked automobile, Miss Young could not describe how the defendant was holding the baby. Miss Young also offered no testimony as to how the baby's head hit the car. Her only testimony on this point is that she saw the defendant hit the baby's head into the car.

Miss Young went on to testify that upon seeing the defendant hit the baby's head, she called the police and told them what had happened. A

squad car arrived and she accompanied the police in search of the defendant and the baby, but encountered neither.

The next day the defendant returned with the baby. The police took the baby to St. Bernard's Hospital where the baby was confined for five weeks. Miss Young testified that prior to the incident the baby was in good health and had never been treated for a concussion.

The next witness for the State was Dr. Howard Lee, a pediatrician who treated Herman Young during the child's five-week stay at the hospital. His initial examination on May 28 revealed a large swelling on the left side of the head. Dr. Lee concluded that the child had suffered a cerebral concussion with possible skull fracture and indicated that the skull fracture could have been caused by a great deal of force to the head. Although the discoloration would not give the exact time of the injury, Dr. Lee indicated that he estimated that the blow occurred within 24 hours of the May 28 examination.

Following a denial of defendant's motion for a directed verdict, Herman Morgan testified in his own behalf. The defendant testified that he was never at Lily Cox' residence on the 26th or 27th of May and that the last time he saw the baby, Herman Young, was at 3 p.m. on May 26 when he left 1116 West 63rd Street in Chicago where he was living with Donna Young and her two children.

Defendant first contends that the decision of the trial court to extend the time for commencing trial beyond the 160 days provided in the Fourth Term Act constitutes a denial of his constitutional and statutory right to a speedy trial. The record indicates that the defendant was indicted for the offenses of aggravated battery and attempt murder on August 4, 1974 and that on March 2, 1976, the defendant, while on bond, answered ready for trial for the first time. Pursuant to the State's motions, the case was continued to April 27 and again to June 17. On both dates the defendant demanded trial. On June 17 the State was granted a further continuance to August 5. On August 5, the 156th day into the term, the State, contending that it was unable to find the complaining witness, Donna Young, petitioned for an extension of time beyond the Fourth Term Act. After a hearing, the trial court granted the petition.

At the above hearing the State presented the testimony of three witnesses. The first of these three witnesses was Investigator John Lenihan. On March 12, 1976, Investigator Lenihan received a request slip asking him to locate Donna Young and two other witnesses at 1116 West 63rd Street. On the same date Investigator Lenihan visited that address but found no one named Donna Young living there. After checking with the postal service and finding no forwarding address, Investigator Lenihan obtained from the file a telephone number in Maywood. He called this number but the people did not know Donna Young. He then

checked medical records, obtained a public aid number and contacted the Department of Public Aid which gave him the address of 3248 South Prairie. Investigator Lenihan located no such address, but did locate Donna Young's brother, George Bransford at 3246 South Prairie. Mr. Bransford stated that Donna Young had lived in Maywood up until two or three weeks ago at which time she moved in with her mother. Investigator Lenihan told Mr. Bransford to have Donna Young come to court and Mr. Bransford replied that either he or his mother would contact Donna Young. This conversation occurred on August 3, 1976.

The second witness to testify at the hearing on the State's petition was Investigator James Glenn. He testified that in the morning of August 4, 1976 he went to 3246 South Prairie in an unsuccessful attempt to locate Donna Young. He returned to the same address the following day and after knocking on the door for a long period of time, Miss Young's brother Mr. Bransford finally answered the door. Mr. Bransford said that Donna Young was living at that address, but that she was not in at the moment. He also testified that he felt she was coming to court. Investigator Glenn testified that if he had more time, he could locate Donna Young.

The final witness to testify at the hearing was assistant State's Attorney Stefans who told the court that after the last court date of June 17, 1976, he made numerous phone calls to a number which he understood to be a number where Donna Young could be reached in Maywood. He said that this was a party line and that the people answering had no knowledge of the whereabouts of Donna Young. After hearing the above testimony, the trial court granted a 60-day extension.

■■ Section 103—5 of the Criminal Code of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) requires that a defendant on bail or recognizance be tried within 160 days from the date he demands trial. However, under the following circumstances, the court may grant a 60-day extension:

> "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."
> (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c).)

The decision of whether an extension of the term period should be granted rests within the discretion of the trial court, and its determination will not be disturbed unless there has been a clear abuse of that discretion. *People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.

■■ After reviewing the above testimony, we find no abuse of discretion in the trial court's order granting the State a 60-day extension. We believe the testimony amply shows both that the State exercised due diligence in locating the witness and reasonable grounds to believe that the witness

could be procured within the 60-day extension period. The testimony shows that the State initiated an investigation concerning the whereabouts of Donna Young within 10 days after the defendant answered ready for trial and that all leads concerning the witness' location were exhausted. Investigators first checked the address they had listed for Donna Young and made numerous calls to a Maywood telephone number listed in their files. When these efforts failed they checked medical records, obtained a public aid number, and then an address from public aid. Investigators made several trips to that address and finally were able to speak to Donna Young's brother who informed them that Donna Young lived there but was not present at that time. Donna Young's brother also told the investigators that he or his mother would contact Donna Young and tell her to be in court. We believe the testimony at the hearing showed an ongoing effort on the State's part to locate Donna Young which several days before the hearing resulted in locating Donna Young's brother who stated that he knew her whereabouts and would speak to her. Considering the above testimony, we conclude that the trial court did not abuse its discretion in finding that the State exercised due diligence in its attempts to locate Donna Young and in concluding that there existed reasonable grounds to believe that she would be located within the 60-day extension period.

Defendant next argues that he was not proved guilty beyond a reasonable doubt of the offense of attempt murder. Defendant first argues that Donna Young's testimony is tainted with inconsistencies and weaknesses. After reviewing Donna Young's testimony we conclude that her testimony concerning the incident was clear and convincing. While inconsistencies are present in her testimony, they are minor in character. Furthermore, although Donna Young could not remember how the defendant was holding the baby when he hit the baby's head into the car, she clearly and unequivocally testified that he hit the baby's head on the car.

■■■ However, it is our conclusion that Donna Young's testimony and the other evidence presented at trial is insufficient to sustain a conviction of attempt murder. It is well settled that in order to sustain a conviction of attempt murder, the State must prove a specific intent to kill the intended victim. (*People v. Trinkle* (1976), 40 Ill. App. 3d 730, 353 N.E.2d 18.) Although the intent to take a life can be inferred from the character of the assault, the use of a deadly weapon and other circumstances (*People v. Koshiol* (1970), 45 Ill. 2d 573, 262 N.E.2d 446), we conclude that the evidence in the instant case is insufficient to prove a specific intent to kill the intended victim. The only testimony in this regard is that of Donna Young who testified that the defendant said he would throw the baby under the "L" tracks and that he then hit the baby's head on a car parked

under the "L" tracks. Donna Young never offered any testimony concerning how the defendant was holding the baby when his head hit the car, exactly how the baby's head hit the car, or the force defendant used in hitting the baby's head against the car. Although the doctor testified that the baby suffered a concussion from the blow, this alone is insufficient to establish a specific intent to kill the victim. Without evidence of any of the above, the record is insufficient to establish beyond a reasonable doubt defendant's intent to kill the victim. However, we do believe Donna Young's testimony sufficient to sustain a conviction of aggravated battery. Defendant's statement that he was going to throw the baby under the "L" tracks indicates an intentional hitting of the baby's head against the car. The fact that the defendant hit the baby's head with enough force to cause a concussion indicates that he intentionally caused great bodily harm. We thus reduce the conviction for attempt murder to aggravated battery and remand the cause to the trial court for sentencing.

Judgment modified; cause remanded.

O'CONNOR and BUCKLEY, JJ., concur.