(No. 47548.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. SAMUEL AKIS, Appellee.

*Opinion filed May 14, 1976.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon, Michael E. Shabat, Kevin Sweeney, and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Robert B. Thompson and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Samuel Akis, was charged with unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24–1(a)) and carrying a firearm without an Illinois Firearm Owner's Identification Card (Ill. Rev. Stat. 1971, ch. 38, par. 83–2). He was convicted of both charges in a bench trial in the circuit court of Cook County. The appellate court reversed the convictions. (27 Ill. App. 3d 74.) We granted the State leave to appeal.

At approximately 11 p.m. on December 1, 1972, Chicago police officer Thomas Boyd and his partner observed an automobile traveling west on 59th Street at an excessive rate of speed. Defendant was driving the vehicle accompanied by James Bates, in the front seat, and a second passenger in the back seat. The officers focused their spotlight on defendant's automobile and brought it to a stop.

Officer Boyd testified that he could see inside the defendant's car and that he observed the defendant moving around as if reaching in his pocket and removing something and handing it to James Bates, the front seat passenger. As the defendant's car was stopping, Officer Boyd saw the front seat passenger drop a gun to the ground. The weapon was a loaded .32-caliber revolver.

After recovering the weapon, the officers placed the occupants of defendant's automobile under arrest and informed them of their rights. Officer Boyd testified that he then asked Bates where he had gotten the gun. Bates responded that the defendant had given him the gun. The defendant was then asked if he had State and city registration cards for the weapons. He replied that he did not.

At the trial both the defendant and Bates maintained that no gun had been passed between them and subsequently dropped outside the car. The defendant also testified that his defroster did not work and that he could not see out of the back windows.

The appellate court held that the State had failed to prove the defendant guilty beyond a reasonable doubt. We reverse the holding of the appellate court.

This court has often held that it is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence. (*People v. Zuniga* (1973), 53 Ill.2d 550; *People v. Hurst* (1969), 42 Ill.2d 217.) Where the evidence is merely conflicting a

court of review will not substitute its judgment for that of the trier of fact. *People v. Clark* (1964), 30 Ill.2d 216.

We find ample evidence in the record to support the judgment of the trial court. The arresting officer testified that he saw the defendant "moving around as if reaching in his pocket and removing something; and I observed him reach over and hand something to the passenger." Shortly thereafter he saw the passenger drop the revolver to the ground. During this time the officer's observation was aided by the spotlight that had been focused upon the defendant's car, and the officer testified that he distinctly remembered being able to see inside the car. The defendant denied that he handed a gun to the passenger and stated that the windows were too foggy to see out. However, the trial court was not compelled to accept this version in light of the convincing and competent testimony of the arresting officer.

Defendant is additionally linked to the revolver by the passenger's statement, made in defendant's presence, that the gun had been given to him by the defendant. The defendant maintains that the officer's testimony concerning this statement was hearsay. Though no objection was raised at trial, defendant contends that this court cannot now consider the statement. We do not agree with this contention.

A rule of evidence not invoked by timely objection is waived. Although we express no opinion as to whether the testimony in question did constitute hearsay, it is sufficient to note that when evidence of that character is admitted without objection it is to be considered and given its natural probative effect. (*People v. Trefonas* (1956), 9 Ill.2d 92; 1 Wigmore, Evidence, sec. 18 (3d ed. 1940).) We conclude that the record supports the trial court's finding of guilty beyond a reasonable doubt.

The appellate court also reversed the convictions on the ground that the defendant did not understandingly waive his right to a jury trial. Defendant has now

abandoned this position on the basis of our decision in *People v. Murrell* (1975), 60 Ill.2d 287, which was decided subsequent to the appellate court opinion in the present case. We agree that *Murrell* is dispositive of the issue.

In *Murrell* we held that a defendant will be bound by a jury waiver made in his presence by his attorney. In this case the defendant personally waived a jury trial in the presence of his counsel. Defendant did not hesitate or express doubt before waiving a jury. The court asked: "You want to be tried by this court or jury?" The defendant replied: "This court." The case then proceeded to trial before the court. We find no material distinction between the present case and the situation presented by *Murrell.* As in *Murrell* the defendant does not contend that he wanted a jury trial or that he was somehow unlawfully deprived of his right to a jury trial. A jury waiver will not be held invalid where a defendant unambiguously chooses a bench trial with his counsel at his side unless some prejudice to the defendant is alleged and proved.

The judgment of the appellate court reversing the convictions of the defendant is reversed and the judgments of the circuit court of Cook County are affirmed.

*Appellate court reversed;*
*circuit court affirmed.*