THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SPENCER WALTON, Defendant-Appellant.

Second District (2nd Division)    No. 75-372

Opinion filed October 28, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

James Carr, State's Attorney, of Sycamore (G. Michael Prall and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant, in a jury trial, was found guilty of the rape of two women and burglary of their apartment. He was sentenced to 4-6 years on each of the rape convictions and 2-6 years for the burglary, the sentences to be served concurrently.

In this appeal defendant contends first that the testimony of the treating doctor concerning the details of the alleged rape deprived him of a fair trial and, secondly, that the burglary conviction should be reversed because it arose from the same transaction as the rape convictions. The State has conceded the burglary conviction should be reversed.

In the early morning hours of May 17, 1974, the defendant entered the apartment of the complaining witnesses in De Kalb, Illinois. Without going into detail, both of the complaining witnesses testified that the defendant placed a pillowcase over the head of each woman and forced them to commit unnatural sex acts between each other, that subsequently he, in the course of several hours, raped both of them, tied them up and placed them in a closet before he left. The defendant, on the other hand, testified that the two women were, in fact, willing participants in sexual and perverted sex acts between the three of them.

As indicated above, the sole question presented in this court is whether the admission of the testimony of the physician who treated both victims shortly after 6 in the morning of the occurrence in the emergency room at the local hospital was plain error. The testimony of the doctor as to the first victim is as follows:

"Q. What did she tell you had happened?

A. She told me that her roommate was awakened by a black man who asked her roommate to go into her bed, and he asked them to make love to each other, and while they were doing that, he entered the bed with them and proceeded to make love to both girls, going from one to the other, using his finger and his penis, and, during the activities Miss _____ [roommate] yelled out and said that he was going into, too deep, and I don't recall whether it was she or the other patient that stated that he, they did not recall that he ejaculated into either of them, but after she had yelled out, he ceased his activities and they both told me that he tied them with clothes after this and forced them into their closet and put a dresser up against the door."

When asked if he had a conversation with the other victim, he said:

"A: Yes, I did.

Q: What did she tell you?

A: She told me the same story; she was the one first awakened by the black man and was forced into the bed with her roommate.

Q: Okay. Did she also mention anything about a closet and being tied up?

A: Yes, she did."

■■ We note that no objection was made to the testimony outlined above at the trial. In a situation where no objection is proffered to evidence admitted at the trial the basic rule is: "A rule of evidence not invoked by timely objection is waived." (*People v. Akis* (1976), 63 Ill. 2d 296, 299, 347 N.E.2d 733, 735.) However, defendant properly points out that there are exceptions to this rule when the evidence is so prejudicial that the defendant is deprived of a fair trial and that the same may be the basis for reversal under the plain error doctrine. Defendant contends that Dr. Millikan's testimony was hearsay and its admission into evidence, despite defendant's failure to object, was plain error as it prejudicially corroborated the testimony of the two victims. Defendant further contends that the doctor's testimony did not fall within any of the following exceptions to the hearsay rule: treating physician, corroborative complaint or spontaneous declaration.

In *People v. Gant* (1974), 58 Ill. 2d 178, 186, 317 N.E.2d 564, 569, the Supreme Court considered the application of the treating physician exceptions to the hearsay rule. The court made the following observation:

" 'Statements of a presently existing bodily condition made by a patient to a doctor consulted for treatment are almost universally admitted as evidence of the facts stated * * *. Although statements to physicians are not likely to be spontaneous, since they are usually made in response to questions, their reliability is

assured by the likelihood that the patient believes that the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides the physician. * * *

The exception might be taken one step further to encompass statements made to a physician concerning the cause or the external source of the condition to be treated.' [Citations.]

The rule is 'equally applicable whether the case is civil or criminal.' [Citation.] Under these authorities it is to us clear that Dr. Keasling's testimony was admissible for purposes of substantive proof as an exception to the hearsay rule."

It is to be noted that in *Gant* the supreme court held that the doctor's statements as to what the patient related to him had happened was not error as he stated that he so inquired "that I might have a better understanding of the wound problem." The doctor was permitted to repeat what the patient stated to him had happened. We do not find that to be the situation before us. The doctor herein related some of the details of the crime which were not related to, or necessary for his examination or treatment.

In *People v. Damen* (1963), 28 Ill. 2d 464, 473-74, 193 N.E.2d 25, 30-31, the Supreme Court of Illinois was asked to clarify the rules relative to the admission of testimony as an exception to the hearsay rule involving a "spontaneous declaration" or "corroborative complaint." In a detailed decision the supreme court delineated the rules pertaining to both of these exceptions to the hearsay rule. The court pointed out that a spontaneous declaration was one made immediately after the occurrence which expresses the real belief of the speaker rather than an utterance made upon reason and reflection. Quoting from *People v. Poland* (1961), 22 Ill. 2d 175, 181, 174 N.E.2d 804, 807, the court stated that:

"Three factors are necessary to bring a statement within this exception to the hearsay rule: (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence."

The court then discussed the class of cases in which the complaints of rape victims have been admitted as "corroborative" statements. The court observed that there was no fixed or definite limit of time within which the complaint must be made as a corroborative statement, however, the court specifically pointed out that "under this rule, as recognized by our prior decisions, only the fact of the complaint, and not the details thereof, may be admitted into evidence * * *." The court concluded by stating that "while the contents of a spontaneous declaration may be shown *in toto*, proof of complainant's corroborative statement, which fails to qualify as a

spontaneous declaration because of the lapse of time, is, we believe, best restricted to the fact that a complaint was made with only such additions, if any, as may be necessary to identify the event as the one before the court."

■■ While it is true that the statement made by the two victims to Dr. Millikan was made very shortly after the occurrence, the fact remains that an intervening period of at least 1½ hours occurred before the statement was made. Under the facts of this case we do not find this to be a "spontaneous declaration" but do find it to be a "corroborative complaint" as an exception to the hearsay rule. As such, as indicated above, the only portion of these statements properly admitted would have been the complaint to the treating physician that the victims had, in fact, been raped. Details of the sexual activities were improper. We do not, however, find that this constitutes reversible error in the case before us. As we have said, no objection was made to this testimony and defendant would now have us declare the same to be plain error. We do not find that to be the case. In view of the overwhelming evidence of the defendant's guilt, we find that any error by the admission of the sparse details of the sexual activities on the night in question was harmless error beyond a reasonable doubt. Corroboration of the rapes was immediately made by the prompt complaints of the victims to a friend and to the police. The defendant, at the time of his arrest, denied that he had been in the victims' apartment on the night in question. Further, he denied that he had had sexual intercourse with either of the victims on the evening in question at the time of his arrest yet, at the trial, he testified in detail as to his sexual activities. Furthermore, the defendant testified that he only had one ejaculation and that was produced by the manipulation of his penis by one of the victims; however, the testimony adduced at the trial disclosed that semen was found in the vagina of both victims, a large amount of semen being in the first victim and a smaller amount in the second victim.

The determination of the credibility of the witnesses was for the trier of facts, that is, the judge and jury. During the sentencing hearing, in commenting upon the credibility of the defendant, the trial court observed that he agreed with the jury's verdict and found the defendant's story unbelievable. We, therefore, affirm the convictions of rape. The conviction of burglary is reversed.

Affirmed in part; reversed in part.

HALLETT and SEIDENFELD, JJ., concur.