THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY ABNEY, Defendant-Appellant.

First District (4th Division)   No. 76-1001

Opinion filed October 5, 1978.

Michael L. Pritzker, of Pritzker & Glass, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial, defendant, Timothy Abney, was convicted of theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)), and sentenced to 18 months probation with 6 weekends to be served in the Cook County Department of Corrections. The defendant contends he was not proved guilty beyond a reasonable doubt and that the sentence imposed was excessive.

According to section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)), a person commits theft when he knowingly obtains or exerts unauthorized control over the property of the owner and intends to deprive the owner permanently of the use or benefit of the property. The defendant argues, essentially, that he did not have the requisite criminal intent to sustain his conviction for the theft of one roll of 35 millimeter film.

The record reveals that on July 7, 1975, the complainant, Anthony Mazzenga (a photographer for the Chicago Tribune), arrived in Skokie, Illinois, to cover a meeting between the village trustees and striking police officers. He was equipped with two loaded cameras. Mazzenga testified he observed that an altercation was taking place among a group of people outside the meeting place. He stationed himself approximately 10 feet from the fight and began to take pictures. The group eventually noticed his presence and someone shouted, "Get him, get his camera." As Mazzenga retreated from the crowd, he backed into someone who blocked his path and his camera was taken from him; he observed the unidentified person attempt unsuccessfully to remove the film from the camera. Mazzenga then offered to open the camera and was partially released. After regaining possession of his camera, Mazzenga informed the men surrounding him that he was a Tribune photographer and asked for protection. He was then completely restrained and his camera was taken from him a second time by

the defendant. He next observed the defendant successfully open the camera and remove the film. Mazzenga was then released and the crowd dispersed quickly. The complainant testified that defendant walked away with his camera and proceeded in the direction of the village hall. He followed defendant and demanded that the camera be returned. The defendant then returned the camera to Mazzenga without the film and continued to walk in the direction of the village hall. Mazzenga then reported the incident to police authorities.

Mark Levin and Ralph Hoff, both friends of defendant, testified in his behalf. They stated they were with defendant at the village hall on July 7, 1975. When the meeting room became stuffy, the three friends went outside for some air. They noticed a crowd and observed several men who had someone under restraint. Hoff identified the victim of the incident as Mazzenga. Levin stated that after they had approached the group, he saw a camera appear in defendant's hands and then disappear; he did not actually see defendant remove anything from the camera. Hoff stated that the camera was placed in defendant's hands, and that he observed defendant open it. He testified that the camera was then taken away from defendant. The crowd then dispersed. Levin claimed he left the scene of the incident with Hoff and defendant, although Hoff stated he observed defendant walking toward the village hall while he and Levin left the scene together.

The defendant testified that he observed Mazzenga being restrained by a group of 8 to 10 people as they shouted threats and obscenities at the photographer. Abney further testified that he heard Mazzenga say, "Give me my camera, I will open it," whereupon the camera was returned. The photographer then began to run while declaring that he was a Tribune photographer and demanding to be arrested. Mazzenga was then restrained a second time by the men. Abney told the crowd to give him the camera and he would open it. Someone then handed him the camera which he opened and returned to a member of the crowd. The crowd then dispersed. The defendant stated that he observed film in the camera but denied removing the film. Defendant testified that his actions regarding the camera were motivated by his intention that the photographer be released by the crowd.

The defendant testified that he then left his friends and proceeded back to the village hall. Mazzenga followed him, warning defendant that he was now in trouble. Abney denied having the camera in his possession after the incident and stated that Mazzenga never asked him to return the camera because it had been handed to someone else.

In support of his contention on appeal, defendant argues that the defense of necessity (Ill. Rev. Stat. 1975, ch. 38, par. 7—13), was raised in his behalf by the evidence presented at trial, and that the State failed to

meets its burden to negate that defense and prove the defendant guilty beyond a reasonable doubt as to that issue as well as all elements of the offense charged. *People v. Taylor* (1975), 31 Ill. App. 3d 20, 332 N.E.2d 735.

The defendant's contention that he was not proved guilty beyond a reasonable doubt is dependent upon the credibility of the witnesses. At a bench trial, the trial judge determines the credibility of the witnesses and resolves the conflicting evidence. (*People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733, 734-35.) His decision will not be set aside unless the record establishes a reasonable doubt of guilt. *People v. Curry* (1973), 56 Ill. 2d 162, 174, 306 N.E.2d 292, 299.

■■■ After a review of the record in the instant case, we cannot say the trial judge erred in his evidentiary evaluation or that reasonable doubt of defendant's guilt is established. The testimony of the complainant was positive and unwavering, and the positive testimony of a single credible witness may be sufficient to sustain the conviction of a defendant. *People v. Wilkins* (1976), 36 Ill. App. 3d 761, 763, 344 N.E.2d 724, 727.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.