THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALBERT SUDZUS, Defendant-Appellant.

First District (5th Division)   No. 82—2870

Opinion filed January 27, 1984.

Michael James Frost, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Eddie A. Stephens, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant Albert Sudzus appeals from a conviction of making a materially false statement on an application for a certificate of title to a motor vehicle. Defendant raises three issues on review. First, he contends that he was not proved guilty beyond a reasonable doubt. Second, he asserts that the trial court erred in refusing to admit certain evidence. Third, he contends that the trial court erred in inquiring whether defendant kept a record of sale of the vehicle for which he later obtained the certificate of title. For the reasons which follow, we affirm the judgment of the trial court.

On March 2, 1982, an information was filed which charged that defendant "knowingly made a material false statement on an application for an Illinois Certificate of Title for a 1969 Corvette motor vehicle ***, namely that he was the owner of said vehicle and that he had lost the original title," in violation of section 4—105(a)(6) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 4—105(a)(6)). The case was tried by the court sitting without a jury. The parties stipulated to the following facts at the bench trial. On April 5, 1978, defendant purchased a 1969 Corvette automobile. On October 1, 1980, defendant sold the same vehicle to Bernard J. Cane, who in turn sold the vehicle to Betty Lucente on April 21, 1981. On July 27, 1981, the vehicle was stolen and recovered by the Chicago police the following day, whereupon it was towed to the Chicago Police Department Pound No. Three. At that time police investigation determined that the records of the Illinois Secretary of State indicated that defendant still maintained title to the vehicle. The police sent a form letter to defendant stating that they had a vehicle which the records indicated he owned. On August 17, 1981, defendant applied for a duplicate title to the automobile, stating on the application that the original title had been lost. A duplicate title was issued to defendant on September 15, 1981. Defendant was unable to obtain possession of the vehicle because an insurance company had obtained a salvage title and already removed the vehicle. Defendant was interviewed by the police on September 17, 1981, at which time he surrendered the certificate of title and otherwise cooperated with the police investigation. Defendant was arrested on December 10, 1981. After presenting the stipulation, the prosecution rested.

The defendant testified in his own behalf and stated that he owns a towing service and has completed about three years of college. Around July 28, 1981, he received a letter from the Chicago Police Department Automotive Pound which stated that unless defendant re-

trieved "his" car from the automobile pound he would be charged towing and storage costs on a per diem basis. Defendant went to the pound and was told that he could not get the car without producing the title. Defendant was able to observe the car at this time. He described it as wrecked and "burned to the ground. It was just *** a mess, a pile of junk."

Defendant further testified that an officer at the pound stated that defendant was the owner of record. Defendant stated that he was concerned about the accruing charges because he knew of cases in which the charges were as high as $500 or $600. Defendant testified that his motivation was that he was worried that he would be held liable and that he wanted to remove the car from the pound or sign it over to the city of Chicago. Defendant thereafter obtained an application for a duplicate title certificate and had it filled out and typed. In the space provided for the reason for the new certificate, defendant indicated that he wrote "Lost." The court sustained the prosecution's objection to a question designed to elicit defendant's opinion of the value of the car.

On cross-examination defendant testified that he did not tell the officer at the pound that the automobile was not his and that he did not reveal that he had sold the car some months previously.

At the conclusion of cross-examination, defense counsel waived redirect examination. The court then posed several inquiries to the defendant. One of these was whether defendant kept any records of the sale of the car. Defendant stated that he had not maintained any such records. After hearing arguments of counsel, the trial court found defendant guilty as charged.

OPINION

■■ The first issue for review is whether the defendant was proved guilty beyond a reasonable doubt. We note that, although defendant has not questioned the sufficiency of the charging instrument, the information charged that defendant "*knowingly*" made a material false statement on the title application. The emphasized language seems superfluous in light of the holding in *People v. Delay* (1979), 70 Ill. App. 3d 712, 714-16, 388 N.E.2d 1316. The court there discussed the legislative intent in enacting section 4—105 and concluded that the legislature did not intend to require "intent nor any other criminal mental state *** to impose liability ***." (70 Ill. App. 3d 712, 715.) Despite this discrepancy in the requirements of the statute and the language employed in the information, we find no prejudice to defendant in that the additional language only made the prose-

cution's burden more difficult.

■ Nonetheless, our review of the evidence convinces us that the prosecution has met its burden in this case. Defendant admitted that he had transferred the title certificate when he sold the vehicle some months before applying for the duplicate title certificate. This establishes his knowledge of the falsity of the statement. The false statement must also be "material" under the statute to sustain a conviction. In our view, a false statement that the certificate of title has been lost, when in fact the vehicle has been sold, is a material statement. Defendant's arguments concerning his lack of motive are irrelevant; the statute proscribes the act which he admitted doing. In summary, we find the evidence sufficient to sustain defendant's conviction. See generally *People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733; compare *People v. Einoder* (1980), 82 Ill. App. 3d 1079, 403 N.E.2d 641.

■ The next issue for review is whether the trial court erred in sustaining the prosecution's objection to defendant's testifying to the value of the automobile. The evidence sought to be introduced was not, however, relevant to any matter at issue and the trial court properly exercised its discretion in refusing to admit it. See *People v. Jones* (1982), 108 Ill. App. 3d 880, 884-85, 439 N.E.2d 1011.

■ The defendant finally contends that the trial court erred in asking defendant whether he kept a record of the sale of the automobile. Viewing the colloquy between the court and the defendant as a whole, we find no prejudice to defendant. Defendant admitted that he had transferred the title to another party but had not kept any record of the transaction. Whether or not defendant had transferred a title certificate was certainly relevant to a determination of the falsity of his statement that the certificate had been lost. While other matters of inquiry may have been irrelevant, the record does not demonstrate that they influenced the trial court's decision. (See *People v. Conwell* (1978), 64 Ill. App. 3d 995, 1003, 382 N.E.2d 64.) Accordingly, we find no basis for reversal.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.