**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 220308-U

Order filed December 19, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* Z.P., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| a Minor | ) | Du Page County, Illinois, |
| | ) | |
| (The People of the State of Illinois | ) | Appeal No. 3-22-0308 |
| | ) | Circuit No. 21-JD-205 |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Z.P., | ) | Honorable |
| | ) | Brian Jacobs, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The State failed to prove that respondent's conduct caused an injury to the officers as required to sustain felony delinquency adjudications for resisting or obstructing a peace officer. The State proved the elements of aggravated assault beyond a reasonable doubt.

¶ 2    Respondent, Z.P., appeals his delinquency adjudications for felony resisting or

obstructing a peace officer and aggravated assault. Respondent argues that the felony

adjudications for resisting or obstructing a peace officer should be reduced to misdemeanor adjudications because the State failed to prove beyond a reasonable doubt that he caused an injury to the officers. Respondent further argues that the State failed to prove the elements of aggravated assault beyond a reasonable doubt because it was not objectively reasonable for the officers to believe a battery was imminent. We affirm as modified.

¶ 3                                        I. BACKGROUND

¶ 4        The State filed a juvenile delinquency petition alleging that respondent was a delinquent minor in that respondent committed aggravated battery (720 ILCS 5/12-3.05(d)(4)(i), (h) (West 2020)), two counts of felony resisting or obstructing a peace officer (*id.* § 31-1(a), (a-7)), two counts of aggravated assault (*id.* § 12-2(b)(4.1), (d)), and criminal trespass to real property (*id.* § 21-3(a)(2)).

¶ 5        At the trial, evidence established that Officers Erica Rodriguez and Samuel Carius responded to a call regarding a possible trespass. Rodriguez testified that when she arrived, there were several juveniles at the scene. The individual who called the police regarding the trespass identified respondent as the person the individual called about. When Rodriguez made contact with respondent he was very agitated. Rodriguez noted that respondent "kept clenching his fists. He kept arguing with other juveniles there. He kept jumping back and forth." Rodriguez saw respondent and another juvenile arguing and respondent "approached *** that student with clenched fists, and he said that he was going to fight her, come at her, and then [Rodriguez] put [her] hand out in front of him to stop him from approaching the other person. That's when he slapped [Rodriguez's] hand." Rodriguez also described respondent's action as swatting her arm. Respondent's fists were still clenched at that point. After respondent swatted Rodriguez's arm, "[h]e jumped back and then he clenched his fist and he turned to [her] and Officer Carius, and

2

then he made comments that he wanted to fight us." At that time, respondent's fists were clenched and he was "maybe between five to seven feet" away from Rodriguez and Carius. Rodriguez believed respondent was going to hit her again. Only a few seconds had passed since he last struck her arm. There was nothing between her and respondent that would prevent him from making contact with her again. Respondent eventually moved back farther and into a roadway. At that point, the officers tried to disperse the crowd. Approximately 20 minutes later, they attempted to place respondent under arrest for the battery to Rodriguez. Respondent resisted the officers' attempts to arrest him. Respondent kicked at the officers and pulled away. He attempted to headbutt an officer. The officers were eventually able to arrest respondent.

¶ 6        Officer Carius testified that when he made contact with respondent, he was very agitated and had his fists clenched. Carius observed respondent interacting with another student and they were discussing fighting each other. Carius saw respondent clench his fists and walk toward the other student. At that point, Rodriguez attempted to stop him and respondent "aggressively motioned his hands towards her and struck her arm." Carius stated that "[a]fter that contact was made, [respondent] did back off and he ended up in a parking space ***. He then clenched his fists, brought them up in a boxing manner and then squared off in [his] direction and was saying to fight him." Carius unholstered his taser and advised respondent not to advance toward him. Prior to drawing his taser, Carius believed respondent was going to strike him. Respondent backed up and the officers turned their attention to dispersing the crowd. Later, they attempted to place respondent under arrest. Respondent fought the officers' attempts to place his arms behind his back. Respondent was being aggressive and kicking his legs. Officers eventually gained control over respondent and arrested him.

3

¶ 7        At the end of the State's case, respondent moved for a directed verdict. The court granted

it as to criminal trespass to real property and denied it as to the remaining counts.

¶ 8        Respondent testified in his defense. He denied telling the officers he wanted to fight

them.

¶ 9        The court found that the State had proved the elements of the remaining offenses beyond

a reasonable doubt. It specifically found that the officers' testimony was credible. Further, the

court noted that respondent became belligerent and "[t]hat he not only at some point squared off

to threaten, and threaten to fight both officers, but additionally placed the officers in a position

where they had to prevent [respondent] and whoever this girl was from fighting each other." The

court sentenced respondent to 18 months' probation. Respondent appeals.

¶ 10                              II. ANALYSIS

¶ 11                    A. Resisting or Obstructing a Peace Officer

¶ 12        Respondent argues that this court should reduce his delinquency adjudications for

resisting or obstructing a peace officer from Class 4 felonies to Class A misdemeanors because

neither of the officers testified that they suffered an injury as a result of respondent's conduct.

The State concedes that no evidence of injury to the officers was introduced and agrees that the

Class 4 felony adjudications for resisting or obstructing a peace officer should be reduced to

Class A misdemeanors.

¶ 13        A person who knowingly resists or obstructs a peace officer's performance of any

authorized act within his or her official capacity commits a Class A misdemeanor. 720 ILCS

5/31-1(a) (West 2020). That offense rises to the level of a Class 4 felony if the person

proximately causes an injury to the peace officer. *Id.* § 31-1(a-7).

4

¶ 14    As the State concedes, the record does not include evidence that either Rodriguez or Carius suffered an injury as the result of respondent resisting or obstructing them. Accordingly, we accept the State's concession and reduce respondent's Class 4 delinquency adjudications for resisting or obstructing a peace officer to Class A misdemeanors. See Ill. S. Ct. R. 615(b)(3).

¶ 15                                 B. Aggravated Assault

¶ 16    Respondent argues that the State failed to prove the elements of aggravated assault beyond a reasonable doubt because it was not objectively reasonable for Rodriguez and Carius to believe a battery was imminent.

¶ 17    "The State must prove the elements of the substantive offenses alleged in delinquency petitions beyond a reasonable doubt." *In re W.C.*, 167 Ill. 2d 307, 336 (1995). The standard of review for determining the sufficiency of the evidence as to a delinquency petition "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* When a defendant challenges the sufficiency of the evidence "it is not the function of this court to retry the defendant." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). "[I]t is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence." *People v. Akis*, 63 Ill. 2d 296, 298 (1976). A criminal conviction "will not be set aside unless the proof is so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to the defendant's guilt." *People v. Slim*, 127 Ill. 2d 302, 307 (1989). We must allow all reasonable inferences from the evidence in favor of the State. *People v. Lloyd*, 2013 IL 113510, ¶ 42.

¶ 18    A person commits an aggravated assault when he commits an assault against a peace officer performing his or her duties. 720 ILCS 5/12-2(b)(4.1)(i) (West 2020). "A person commits

5

an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery." *Id.* § 12-1(a). "[A] victim's apprehension must be of an immediate or imminent battery, not of an indeterminate future harm." *People v. VanHoose*, 2020 IL App (5th) 170247, ¶ 26. "A victim's apprehension can be established inferentially based on the conduct of the defendant and the victim." *Id.* ¶ 25. Words alone are generally insufficient and must be accompanied by some action or gesture. *Id.* ¶ 26.

¶ 19        In this matter, seconds after committing a battery on Rodriguez, respondent, according to Rodriguez, turned to her and Carius with clenched fists, stating he wanted to fight them. According to Carius, respondent "squared off" against him, raised his clenched fists in a "boxing manner" and indicated he wanted to fight. The court found the officers credible. In response, both officers testified they believed they were about to receive a battery and Carius went so far as to unholster his taser in response. Under these circumstances, a rational trier of fact could conclude that Rodriguez and Carius had a reasonable apprehension of an immediate battery. Thus, the evidence was sufficient to sustain the delinquency findings on the aggravated assault charges. The fact that respondent was approximately five to seven feet away from the officers does not diminish the reasonableness of the apprehension because there was no barrier between respondent and the officers and respondent could easily have made contact with the officers within seconds.

¶ 20                                    III. CONCLUSION

¶ 21        We reduce respondent's Class 4 delinquency adjudications for resisting or obstructing a peace officer to Class A misdemeanors (see Ill. S. Ct. R. 615(b)(3)) and otherwise affirm the judgment of the circuit court of Du Page County.

¶ 22        Affirmed as modified.