**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210569-U

Order filed February 9, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0569 Circuit No. 21-CM-139 |
| DARRELL RILEY, | ) ) ) | Honorable Brenda L. Claudio, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant forfeited the arguments regarding objections sustained by the circuit court. Defendant was proven guilty beyond a reasonable doubt.

¶ 2    Defendant, Darrell Riley, appeals his conviction for domestic battery. Defendant argues that the Kankakee County circuit court erred by sustaining the State's objections to certain testimony on the bases the testimony was hearsay and collateral impeachment. He further argues the State failed to prove him guilty beyond a reasonable doubt. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)). Count I alleged that defendant knowingly caused bodily harm to Tonja[1] Jefferson by pushing her over furniture and count II alleged that defendant knowingly caused bodily harm to Jefferson by pushing her into the snow.

¶ 5        The matter proceeded to a bench trial. Jefferson testified that she had a dating relationship with defendant that lasted approximately six months. Defendant had lived with her from November 2020 to January 2021. On February 19, 2021, defendant's wife, Ida Riley, asked Jefferson to come to her and defendant's home so they could confront defendant. Ida picked up Jefferson and Jefferson's daughter, Ezra Stevenson, and they went to Ida and defendant's home. While there, defendant pushed Jefferson over an ottoman. Jefferson began to leave the house and defendant pushed her out of the door. She fell and injured her back and arm. She then called 911 and was taken to the hospital. An officer came to the hospital and she signed a complaint. Jefferson did not give defendant permission to push her. Jefferson denied that she had a knife while at defendant's home and denied puncturing defendant's tire although she admitted she saw the tire was punctured.

¶ 6        Officer Charles Johnson testified that he responded to the report of a battery at defendant's home and spoke with Jefferson. Johnson did not notice any disarray or furniture knocked over in the home. Defense counsel asked Johnson if he noticed anything unusual about any vehicles parked outside of the home. The State objected on the basis of relevance. Defense counsel argued it was relevant to Jefferson's credibility. The court sustained the objection on the basis that it was

---

[1]The charging instrument and the State's witness list spells her name "Tonja" while the report of proceedings spells it "Tanya." She did not spell her first name on the record.

collateral impeachment because it did not tend to prove or disprove that a domestic battery occurred.

¶ 7        Defendant testified that he was friends with Jefferson. He met her in July 2020 when she called his lawncare business and requested him to be her lawncare service provider. Defendant stated he did not date Jefferson and they were not lovers. In July 2020, defendant had a conversation with Jefferson about issues with his relationship with his wife and she told him that if he needed somewhere to live, he could stay in her basement. Defendant lived with Jefferson for approximately a month from November to December 2020. Defendant stated that he acted as a father figure to Stevenson which continued after he moved out. On February 19, 2021, he was awakened and entered his living room. At that point, Ida, Jefferson, and Stevenson were there and all three started yelling at defendant. He asked Ida why she brought Jefferson and Stevenson there, and she said "so [they] can get to the bottom of this. And by the way, she stabbed your tire on a flat." The State objected on the basis of hearsay and the court sustained the objection. Defendant saw a butcher knife in Jefferson's waistband but she was trying to hide it. Defendant told Jefferson to leave and opened the door for her. Defendant denied touching Jefferson when she left and also denied pushing her over an ottoman. Defendant stated that the steps into his house consisted of a 15- to 16-inch step and then a 4-inch step such that if you are not careful you could fall. Once Jefferson stepped out of the house, defendant closed the door but later he reviewed surveillance video and stated that Jefferson fell off the step into the snow. He could not obtain the surveillance video because it deleted itself.

¶ 8        The court noted that it had to judge the credibility of Jefferson and defendant. The court believed Jefferson that she and defendant were in a dating relationship. In making that determination it not only relied on Jefferson's testimony but also noted defendant's testimony that

3

he was a father figure to Stevenson and that Ida had a suspicion of the relationship. The court also found defendant's explanation incredible stating that it did not make sense that "he would confide his intimate problems with his wife to" Jefferson if she was just a customer. The court also did not "for a minute believe the whole knife thing." The court clarified that if there was a knife there was no indication Jefferson accosted defendant in any way with the knife. The court found that the State failed to meet its burden in regard to count I which involved defendant allegedly pushing Jefferson over an ottoman because Jefferson did not testify she was injured as a result of that push. The court found defendant guilty of count II and noted the testimony that Jefferson was pushed, fell, and injured her back and arm. The court subsequently sentenced defendant to 24 months' domestic violence probation. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10         Defendant first argues that the court erred by sustaining the State's objection to Johnson's testimony as collateral impeachment. Defendant also appears to raise an issue regarding the court sustaining the State's hearsay objection to his testimony that Ida said Jefferson stabbed his tire. However, defendant did not challenge the court's decision to sustain the hearsay objection and did not include either of these issues in a posttrial motion. Therefore, these issues are forfeited. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (providing that in order to preserve an error for appellate review, a defendant must object to the error at trial and raise it in his posttrial motion). "Consequently, we may review this claim of error only if defendant has established plain error." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). Here, defendant failed to argue for plain error review and "[a] defendant who fails to argue for plain-error review obviously cannot meet his burden of persuasion." *Id.* Therefore, we "honor defendant's procedural default." *Id.* at 547.

4

¶ 11 Defendant also argues that the State failed to prove him guilty beyond a reasonable doubt. It is unclear what defendant's bases are, but he appears to argue that the State did not prove he was in a relationship with Jefferson and no witnesses testified that Jefferson was pushed.

¶ 12 When a defendant challenges the sufficiency of the evidence "it is not the function of this court to retry the defendant." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Instead, we determine whether the evidence, viewed in the light most favorable to the State, would permit any rational trier of fact to find the elements of the offense proven beyond a reasonable doubt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008). "This standard of review does not allow the reviewing court to substitute its judgment for that of the fact finder on questions involving the weight of the evidence or the credibility of the witnesses." *People v. Jackson*, 232 Ill. 2d 246, 280-81 (2009). "[I]t is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence." *People v. Akis*, 63 Ill. 2d 296, 298 (1976).

¶ 13 To sustain a conviction for domestic battery, as charged here, the State needed to prove that defendant "knowingly without legal justification" caused "bodily harm to any family or household member." 720 ILCS 5/12-3.2(a)(1) (West 2020). Family and household members are defined as including "persons who share or formerly shared a common dwelling *** and persons who have or have had a dating or engagement relationship." *Id.* § 12-0.1.

¶ 14 Here, the court found Jefferson credible that she and defendant had a dating relationship and defendant admitted that he lived with Jefferson for approximately one month. Therefore, the State met its burden of establishing that Jefferson was a family or household member of defendant. Additionally, Jefferson testified that defendant pushed her and that she injured her back and arm. The court found this credible and it is for the fact finder to determine credibility. Thus, the State

5

established bodily harm. Although defendant claimed Jefferson had a knife, Jefferson testified that she did not, and the court found defendant's claims regarding the knife incredible. Again, credibility determinations are for the trier of fact and therefore, there was no legal justification for defendant to push Jefferson. Last, there was no evidence that the push was accidental such that there is a reasonable inference it was done knowingly. See *Akis*, 63 Ill. 2d at 298 (providing it is for the trier of fact to determine inferences to be drawn from the evidence). Based on the foregoing, we conclude that the State proved defendant guilty of domestic battery beyond a reasonable doubt.

¶ 15                                   III. CONCLUSION

¶ 16        The judgment of the circuit court of Kankakee County is affirmed.

¶ 17        Affirmed.