**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240302-U

Order filed May 8, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0302 Circuit No. 21-CF-135 |
| | ) | |
| KASHAWNA ROBERTS, | ) ) | Honorable William S. Dickenson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Evidence of permanent disfigurement was insufficient to sustain defendant's aggravated battery conviction.

Defendant, Kashawna Roberts, appeals her conviction for aggravated battery causing permanent disfigurement, arguing the State's evidence was insufficient to sustain her conviction. We affirm in part and reverse in part.

¶ 2                                            I. BACKGROUND

¶ 3　　　　In a multi-count indictment, the State alleged, among other things, that Roberts injured Latoya Winston with a knife. After a bench trial in January 2024, defendant was convicted of three counts of aggravated battery (720 ILCS 5/12-3.05(a)(1) (West 2020)) and sentenced to a single sentence of 24 months' probation. While the notice of appeal references her conviction generally, the briefs raise only one issue on appeal. Specifically, Roberts argues that the State failed to meet its burden relative to Count II, which alleged aggravated battery that resulted in disfigurement. See 720 ILCS 5/12-3.05(a)(1) (West 2020).

¶ 4　　　　At trial, Winston testified that she was involved in a physical altercation with defendant on February 14, 2021. During the altercation, defendant repeatedly stabbed Winston with a knife. After being stabbed, Winston was treated at a hospital for a punctured lung and multiple lacerations to her face, neck, hands, arm, thigh, and back. Winston stated that she had suffered lasting effects from the punctured lung, as she continued to see a physician monthly for treatment. Winston further testified that photographs introduced by the State accurately depicted her injuries from the incident. One photograph depicted a large laceration under Winston's left eye and another depicted lacerations to Winston's lip and neck. Additional photographs showed lacerations to Winston's hands, arm, and thigh. During closing arguments, the State noted that the wounds to Winston's face resulted in scarring.

¶ 5　　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 6　　　　On appeal, defendant argues that the evidence at trial was insufficient to find her guilty beyond a reasonable doubt of aggravated battery causing permanent disfigurement. Defendant does not adequately challenge her other aggravated battery convictions. Challenges to the sufficiency of the evidence require the reviewing court to determine, after viewing the evidence in the light most favorable to the State, whether any rational trier of fact could have found the

essential elements of the offense beyond a reasonable doubt. *People v. Gray*, 2024 IL 127815, ¶ 20. A criminal conviction will only be overturned if "the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *People v. Conway*, 2023 IL 127670, ¶ 16.

¶ 7　　　To sustain the contested conviction for aggravated battery, the State had to prove that defendant, in committing a battery, knowingly caused permanent disfigurement. See 720 ILCS 5/12-3.05(a)(1) (West 2020). Defendant does not dispute that the evidence established that she committed a battery by knowingly causing bodily harm to Winston without legal justification. See *id.* § 12-3. Rather, defendant solely contends the evidence was insufficient to prove that she caused permanent disfiguration to Winston. Disfigurement is defined as that which "impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner." (Internal quotation marks omitted.) *People v. Woods*, 173 Ill. App. 3d 244, 249 (1988). Illinois jurisprudence has held that even a small scar can meet the definition of disfigurement. *People v. Newton*, 7 Ill. App. 3d 445, 447 (1972); *People v. Doran*, 256 Ill. App. 3d 131, 136 (1993). Generally, whether a defendant has caused permanent disfigurement is a question of fact. *Doran*, 256 Ill. App. 3d at 136.

¶ 8　　　Practically speaking, it would not be much of a leap to assume that Winston suffered considerable scarring. Basic human experience teaches us that cuts typically make scars, and this case involved a number of cuts. Still, the State offered no evidence that Winston's injuries resulted in permanent disfigurement. The photographs and testimony presented established the nature of Winston's immediate injuries but did not demonstrate that any of the injuries left permanent scars or marks. According to the record, the only indication of permanent disfigurement is the scarring the State mentioned during its closing argument and the State's remarks are not evidence. See

3

*People v. Ward*, 2023 IL App (1st) 190364, ¶ 123. This might have been a very easy claim for the State to prove, but the claim was not *actually* proven—certainly not in accordance with a reasonable doubt standard. Even when the bar to cross is relatively low, the State still must prove up its case. Therefore, we reverse defendant's aggravated battery conviction premised on permanent disfigurement. As defendant received a single sentence of probation for all three convictions in this case, we modify defendant's sentencing order to reflect her two remaining aggravated battery convictions. See *People v. Brown*, 2013 IL 114196, ¶ 54.

¶ 9 In coming to this conclusion, we note that the State argues that the court could observe the scarring on Winston's face. While this may be true, it was the State's burden to confirm that any scarring was observed, considered by the court, and formally included in the record. It could have done this in a myriad of ways, including by asking the court to take judicial notice of the scarring (see *People v. Reza*, 2021 IL App (1st) 180529-U, ¶ 43), asking Winston about any scars she had obtained from the incident, or introducing medical testimony. The State's failure to make such evidence of record renders it insufficient to prove permanent disfigurement.

¶ 10                                               III. CONCLUSION

¶ 11 Roberts failed to adequately contest her convictions on Counts I and III. We reverse on Count II only. The judgment of the circuit court of Kankakee County is affirmed in part and reversed in part.

¶ 12 Affirmed in part and reversed in part.

4